I HAVE RECEIVED YOUR LETTER DATED SEPTEMBER 4, 1992, REGARDING AN INTERPRETATION OF 21 O.S. 1154 (1991), AMENDED BY 1992 OKLA. SESS. LAWS, C. 355, 1. IN YOUR LETTER YOU REQUEST A RESPONSE TO THE FOLLOWING QUESTION:
 WHETHER 1992 OKLA. SESS. LAWS, C. 355, 1 ALLOWS THE OFFICE OF THE CHIEF MEDICAL EXAMINER TO DONATE TISSUE OBTAINED FROM AUTOPSIES, CONDUCTED BY THE OFFICE OF THE CHIEF MEDICAL EXAMINER, FOR DIAGNOSTIC OR SCIENTIFIC PURPOSES?
IN CONSTRUING OR INTERPRETING ANY STATUTE, THE GOAL IS TO DETERMINE AND FOLLOW THE LEGISLATIVE INTENT. HUMPHREY V. DENNEY, 757 P.2D 833 (OKLA.1988); FULLER V. ODOM, 741 P.2D 449 (OKLA.1987). TO ANSWER YOUR QUESTION, WE MUST REVIEW THE LANGUAGE OF 1992 OKLA. SESS. LAWS, C. 355, 1 AND ALL OTHER RELATED PROVISIONS.
1992 OKLA. SESS. LAWS, C. 355, 1 PROVIDES, IN PERTINENT PART:
 ". 1. ANY PHYSICIAN OR HOSPITAL AUTHORIZED TO PERFORM AN AUTOPSY PURSUANT TO THIS SECTION, WHETHER BY STATUTORY AUTHORITY OR BY CONSENT FROM A PERSON ENTITLED TO ASSUME CUSTODY OF THE BODY FOR BURIAL, SHALL BE AND IS AUTHORIZED TO RETAIN SUCH TISSUE AND SPECIMENS AS THE EXAMINING PHYSICIAN DEEMS PROPER. SUCH TISSUE AND SPECIMENS MAY BE RETAINED FOR EXAMINATION, DISSECTION OR STUDY IN FURTHERANCE OF DETERMINING THE CAUSE OF DEATH, OR FOR EVIDENTIARY, DIAGNOSTIC, OR SCIENTIFIC PURPOSES. EXCEPT WITH REGARD TO MEDICAL EXAMINERS AND THE OFFICER OF THE CHIEF MEDICAL EXAMINER, THIS PROVISION SHALL NOT APPLY IF A PERSON ENTITLED TO ASSUME CUSTODY OF THE BODY FOR BURIAL NOTIFIES THE PHYSICIAN OR HOSPITAL PERFORMING THE AUTOPSY PRIOR TO SAID AUTOPSY OF ANY OBJECTION TO THE RETENTION OF TISSUE AND SPECIMENS OBTAINED FROM THE AUTOPSY."
THIS PROVISION INCLUDES THE OFFICE OF THE CHIEF MEDICAL EXAMINER, AS THIS OFFICE IS AUTHORIZED TO PERFORM AUTOPSIES PURSUANT TO 63 O.S. 944 (1991).
THE STATUTE FURTHER PROVIDES THAT THE SPECIMENS CANNOT BE RETAINED IF THE PERSON ENTITLED TO ASSUME THE BODY FOR BURIAL NOTIFIES THE PHYSICIAN OR HOSPITAL OF AN OBJECTION TO THE RETENTION OF THE TISSUE OR SPECIMENS. THE OFFICE OF THE CHIEF MEDICAL EXAMINER, HOWEVER, IS EXCLUDED FROM THIS PROVISION. ACCORDINGLY, A CURSORY READING OF THE STATUTE WOULD SUGGEST THAT THE OFFICE OF THE CHIEF MEDICAL EXAMINER CAN RETAIN TISSUES FOR THE ENUMERATED PURPOSES EVEN IF THE PERSON ENTITLED TO ASSUME THE BODY FOR BURIAL OBJECTS TO THE RETENTION OF THE TISSUE.
HOWEVER, SUCH AN INTERPRETATION IGNORES THE EXPRESS PROVISIONS OF OTHER STATUTES. FOR EXAMPLE, 63 O.S. 2210.1 (1991) PROVIDES THAT CORNEAL EYE TISSUE MAY BE REMOVED AND/OR RELEASED ONLY WHEN CERTAIN CONDITIONS ARE MET. ONE SUCH CONDITION IS THAT THE OFFICE OF THE CHIEF MEDICAL EXAMINER MUST MAKE A REASONABLE ATTEMPT TO CONTACT THE NEXT OF KIN AND CAN HAVE NO KNOWLEDGE OF ANY OBJECTION TO THE REMOVAL OR RELEASE OF THE TISSUE. IN ADDITION, 63 O.S. 2212 AUTHORIZES THE REMOVAL AND DONATION OF ORGANS ONLY WITH THE CONSENT OF THE NEXT OF KIN OR IF THE DECEASED HAS AN ORGAN DONOR CARD.
IT IS A GENERAL PRINCIPLE OF LAW THAT A SPECIAL STATUTE WHICH MAKES A SPECIFIC REQUIREMENT CONTROLS OVER A GENERAL STATUTE. TAYLOR V. SPECIAL INDEMNITY FUND, 804 P.2D 431 (OKLA.1991); SOUTHWESTERN BELL TELEPHONE CO. V. OKLAHOMA COUNTY, 618 P.2D 915 (OKLA.1980). ACCORDINGLY, THE OFFICE OF THE CHIEF MEDICAL EXAMINER CANNOT RETAIN TISSUE OR SPECIMENS WHEN THERE IS EXPRESS AUTHORITY PROHIBITING THEM FROM DOING SO.
IT IS ALSO IMPORTANT TO LOOK AT THE SPECIFIC STATUTORY LANGUAGE OF 63 O.S. 944 (1991) WHICH STATES, IN PERTINENT PART:
 "THE CHIEF MEDICAL EXAMINER, HIS DESIGNEE OR A MEDICAL EXAMINER, MAY COLLECT SUCH BLOOD, FLUID OR BODY WASTE SPECIMENS AS HE DEEMS NECESSARY TO CARRY OUT HIS DUTIES AS SPECIFIED IN THIS ACT. NO AUTOPSY AUTHORIZATION SHALL BE REQUIRED AS A PREREQUISITE TO THE COLLECTION OF SUCH SPECIMENS."
AS STATED IN ATTORNEY GENERAL OPINION 81-216, THIS SECTION AUTHORIZES THE EXAMINATION AND RETENTION OF TISSUE AND SPECIMENS ONLY TO THE EXTENT NECESSARY TO ACCOMPLISH THE INVESTIGATION. THIS CLEARLY DOES NOT AUTHORIZE THE USE OF TISSUE FOR PURPOSES UNRELATED TO THE INVESTIGATION.
HOWEVER, IT APPEARS THESE STATUTES CAN BE CONSTRUED TOGETHER WITHOUT DOING VIOLENCE TO EITHER. 1992 OKLA. SESS. LAWS, C. 355, 1 MERELY ALLOWS THE OFFICE OF THE CHIEF MEDICAL EXAMINER TO RETAIN TISSUE AND SPECIMENS FOR OTHER PURPOSES. ACCORDINGLY, UNLESS THERE IS AN EXPRESS STATUTE WHICH PROHIBITS THE OFFICE OF THE CHIEF MEDICAL EXAMINER FROM RETAINING CERTAIN TISSUES WITHOUT PERMISSION, LIKE THE EXAMPLES LISTED ABOVE, SPECIMEN AND TISSUE CAN BE RETAINED.
FURTHERMORE, THE STATUTE DOES NOT ADDRESS WHETHER THE PHYSICIAN OR HOSPITAL, INCLUDING THE OFFICE OF THE CHIEF MEDICAL EXAMINER, MAY DONATE THE TISSUE OR SPECIMENS FOR DIAGNOSTIC OR SCIENTIFIC PURPOSES. THE STATUTE STATES THE TISSUE MAY BE "RETAINED".
STATUTORY WORDS ARE TO UNDERSTOOD IN THEIR ORDINARY SENSE, EXCEPT WHEN CONTRARY INTENTION PLAINLY APPEARS. HESS V. EXCISE BD. OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA.1985). THE TERM "RETAIN" IS DEFINED AS "TO KEEP OR HOLD IN ONE'S POSSESSION". SEE THE AMERICAN HERITAGE DICTIONARY, NEW COLLEGE EDITION, P. 1109. ACCORDINGLY, IT IS MY OPINION THAT RELEASE OF THE SPECIMENS WOULD BE PROHIBITED.
(JENNIFER B. MILLER)